IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HENRY VENEGAS, his wife MARIA
SUSANA VENEGAS; CECILIA VENEGAS;
and IRMA VENEGAS

Plaintiffs

vs                                              CIVIL 96-1646CCC

PUERTO RICO PORTS AUTHORITY;
ANTONIO CORTES-GINES; MRS.
ANTONIO CORTES-GINES, and the
conjugal partnership composed by them;
AA INSURANCE COMPANY; and XYZ
COMPANY

Defendants

## OPINION AND ORDER

This action is before us on an unopposed Motion to Dismiss and a Motion to Dismiss the Amended Complaint filed by defendant Ports Authority (Authority)(**docket entries 41 and 46**). The Authority contends that plaintiff's tort claims should be dismissed because it "is an arm or alter ego of the Commonwealth of Puerto Rico." It further contends that due to the central government's involvement in both the operation and financing of the Ports Authority, a judgment against it would actually be one against the Commonwealth. (Brief in Support of Motion To Dismiss at, p. 1, p. 3)

Plaintiffs have sued defendants for personal injuries allegedly received because of the Authority's failure to provide safety measures at the cruise ship pier #3. See paragraph 20 of the amended complaint (**docket entry 43**).

The controversy raised in this case was squarely addressed by the Court of Appeals for the First Circuit in Royal Caribbean v. P.R. Ports Authority, 973 F.2d 8 (1ˢᵗ Cir. 1992) which

AO 72A
(Rev 8/82)

CIVIL 96-1646CCC                                    2

specifically held that: "... the Authority in operating and maintaining the San Juan docks is not an arm of the Commonwealth government." In reaching that conclusion, the Court reasoned that dock-operating activities are not "governmental" but "proprietary" activities, quite similar to those of a private company. Id. at 10.

In <u>Royal Caribbean</u> while a Norwegian passenger cruise ship was docking at pier no. 6 at the San Juan harbor a steel post at the end of the pier broke, setting loose three mooring lines that whipped across the ship seriously injuring a crewman. Another line attached to another steel post on the pier also snapped and struck a second crewman. In reaching the conclusion that the Authority's dock-operating activities were "proprietary" rather than "governmental", the Appeals Court considered that the it charged fees to its users to cover, inter alia, for the expenses incurred in the maintenance and operation of those docks. Id. The Authority has not attempted in its motion to distinguish the activities in <u>Royal Caribbean, supra.,</u> from the ones involved in this case.

The Authority contends that several factors have made that decision inapplicable. It focuses on the argument that, due to the Authority's current financial difficulties, a judgment against it would necessarily be paid by the Commonwealth.

The Authority cannot reasonably argue that a judgment against it would be paid out of the Commonwealth's treasury. In <u>Reagents of the University of California v. Doe</u>, 117 S.Ct. 900, 904 (1997), the Court stated: "Of course, the question whether a money

CIVIL 96-1646CCC                                     3

judgment against a state instrumentality or official would be enforceable against the State is of considerable importance to any evaluation of the relationship between the State and the entity or individual been sued."[1]

The answer to that question is clear in the present case. The Commonwealth of Puerto Rico would not be liable for a money judgment against the Authority since, as reflected by the Authority's own financial statements, it has an allowance for satisfaction of judgments. According to the audited financial statements submitted by the Ports Authority, for the years 1994 through 1998, the authority set aside yearly amounts to cover for probable losses on different lawsuits filed against it, e.g. 1994-$1,947,500; 1995-$1,532,400; 1996-$1,106,772; 1997-$1,162,970; 1998-$712,781. This clearly distinguishes it from the situation in <u>Regents of the University of California</u> where the State of California was legally liable for any award of damages and it was irrelevant whether it would require a third party to reimburse it. In this case there is no threat of the Commonwealth of Puerto Rico being legally liable for any judgment against the Ports Authority. As in <u>Fitchik v. New Jersey Transit Rail Operations Inc.</u>, 873 F.2d 655 (3rd Cir. 1989), the Ports Authority has set aside its own independent funding to meet its liabilities for injury and damage claims.

Financial difficulties confronted by an entity at a certain point in time are not determinative in an Eleventh Amendment determination. The relevant question in such an inquiry is " ... whether the state would have a **legal liability** to pay the judgment, not whether

---

[1] <u>Id.</u> at 904.

CIVIL 96-1646CCC                                    4

the defendant entity would have the **practical ability** to pay it." <u>Durning v. Citibank, N.A.</u>, 950 F.2d 1419, 1424, n.2 (9th Cir. 1991)(cited with approval in <u>Royal Caribbean, supra</u>) (emphasis in original). (The court further stated: "The latter inquiry would be relevant to a determination of whether the defendant entity is judgment proof, but whether the entity is practically unable to pay some or all of the judgment says nothing about sovereign immunity or whether the state treasury is legally pledged to the debt.")

The fact that the Authority may be in economically dire straits, by itself, is no reason to insulate it with Eleventh Amendment immunity. As stated, the Authority's own financial reports reflect that it has set aside fixed quantities of monies should the claims against it prosper. Simply stated, an Eleventh Amendment immunity determination cannot be dependent on how well the governmental instrumentality is doing at the time of the filing of the complaint.

For the reasons stated, we conclude that the Ports Authority does not enjoy Eleventh Amendment immunity for purposes of the allegations contained in the complaint. Accordingly, defendant's Motion to Dismiss (**docket entry 41**) is hereby DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on March 29th, 2000.

CARMEN CONSUELO CEREZO
United States District Judge

AO 72A
(Rev.8/82)